1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

STEVE ALAN MAHONEY,

                          Plaintiff,

             v.

PIERCE COUNTY JAIL,

                          Defendants.

CASE NO.  C10-5238BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL AND ORDER TO SHOW
CAUSE

17
18
19
20
21
22
23
24
25
26

        This matter has been referred to United States Magistrate Judge J. Richard Creatura

pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule

MJR3 and MJR4.

        The Court, having reviewed plaintiff's §1983 civil rights complaint and plaintiff's request

for appointment of counsel (Doc. 3), finds and orders as follows:

        1.        Plaintiff's complaint has named only one defendant – the Pierce County Jail.  In

order to state a claim under 42 U.S.C. §1983, a complaint must allege facts showing how

individually named defendants caused or personally participated in causing the harm alleged in

the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  In general, the Pierce

ORDER - 1

1   County Jail, which is a physical asset or structure, is not a proper defendant for claims brought

2   by prisoners alleging civil rights violations.  A county jail facility is not a "person" within the

3   meaning of §1983.

4          Also, to establish municipal liability under §1983, plaintiff must show that: (1) he was

5   deprived of a constitutional right;  (2) the municipality has a policy;  (3) the policy amounts to

6   deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force

7   behind the constitutional violation.  <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474  (9th Cir.1992).  The

8   Supreme Court has emphasized that the unconstitutional acts of a government agent cannot,

9   standing alone, lead to municipal liability; there is no respondeat superior liability under § 1983.

10  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 692 (1978).  A municipality

11  may only be liable where its policies are the "moving force [behind] the constitutional violation."

12  <u>City of Canton v. Harris</u>, 489 U.S. 378, 389, (1989)(<i>quoting</i> <u>Monell</u> at 694).

13         Plaintiff has failed to name an individual defendant who personally participated in the

14  alleged constitutional or civil rights violation, and he has not shown that the county government

15  has a policy that caused his alleged deprivation.  The Complaint in its current form is deficient

16  and the court should provide plaintiff with an opportunity to cure these defects.

17         2.     There is no right to have counsel appointed in cases brought under 42 U.S.C. §

18  1983.  Although the court, under 28 U.S.C. § 1915(e) (1), can request counsel to represent a

19  party, the court may do so only in exceptional circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d

20  1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v.</u>

21  <u>Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an

22  evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

1   articulate his claims pro se in light of the complexity of the legal issues involved.  Wilborn, 789

2   F.2d at 1331.

3         In his complaint and motion, plaintiff has demonstrated an adequate ability to articulate

4   his claims pro se.  However, due to the deficiencies in the complaint, as noted above, plaintiff

5   has not shown a likelihood of success on the merits.  Plaintiff's motion for appointment of

6   counsel (Doc. 3) is therefore **DENIED**.

7

8         3.      Based on the forgoing findings, it is hereby ORDERED that **by no later than**

9   **June 30, 2010**, plaintiff shall either file an amended complaint, curing, if possible, the above

10  noted deficiencies, or show cause why this matter should not be summarily dismissed.  If  an

11  amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will

12  recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such

13  dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

14        4.      The Clerk is directed to send plaintiff a copy of this Order and the General Order

15  DATED this 10th day of May, 2010.

16

17

18

19  J. Richard Creatura
    United States Magistrate Judge

20

21

22

23

24

25

26

ORDER - 3